846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CW2 (Ret.) Neil F. McCARRON, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1548.
 United States Court of Appeals, Federal Circuit.
 March 28, 1988.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 CW2 (Ret.) Neil F. McCarron, Jr. (McCarron) appeals the U.S. Claims Court's grant of summary judgment to the United States that McCarron is not entitled to an upgrade of his Army retirement pension rate to reflect his one-time service in the commissioned grade of major. 12 Cl.Ct. 582 (1987). We affirm.
 
 
 2
 The Claims Court properly looked first to the language of the applicable statute, 10 U.S.C. Sec. 3964 (1976). United States v. Turkette, 452 U.S. 576, 580 (1981). As the Claims Court held, the language of that section does not entitle McCarron to the relief he seeks, 12 Cl.Ct. at 584, and McCarron has shown no clearly expressed legislative intent to the contrary. See id.; Texas State Comm'n for the Blind v. United States, 796 F.2d 400, 406 (Fed.Cir.1986) (in banc ), cert. denied, 107 S.Ct. 874 (1987). Reading Section 3964 together with 10 U.S.C. Secs. 1371 and 3911, as McCarron urges, does not alter that conclusion. McCarron was retired in the warrant officer grade he held on the day before he retired, as Section 1371 requires. Section 3911 is inapplicable, for on its face it relates only to retirement of commissioned Army officers.
 
 
 3
 McCarron's reliance on legislative history of repealed statutes is unpersuasive. As the Claims Court noted, the Army and Air Force Vitalization and Retirement Equalization Act "does not override later provisions enacted by Congress to provide solely for retirement of warrant officers in the Army," 12 Cl.Ct. at 585. Moreover, assuming that Act and the Warrant Officer Act apply here, McCarron has pointed to nothing in their language or legislative history requiring the Army to adopt the Navy's practice of retiring its warrant officers in the highest commissioned rank held.
 
 
 4
 Congress has the authority to enact different rules for the different branches of the military services. See generally Rostker v. Goldberg, 453 U.S. 57 (1981) (upholding male-only draft registration); Alexander v. Fioto, 430 U.S. 634 (1977) (upholding statute excluding reservists who did not return to active duty during World War II from receiving retirement benefits); U.S. Const. art. I, Sec. 8, cls. 12-14.
 
 
 5
 McCarron has shown no error in the Claims Court's opinion. We affirm on the basis of that opinion.